080414Lf

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| ANGELA S. MORRISON, | ) |
| Plaintiff, | ) |
| vs. | ) No. 14 cv 2002 EJM |
| | ) ORDER |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§401 et seq. Briefing concluded July 30, 2014. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration.

Ms. Morrison claims disability due to depression and anxiety. She asserts the ALJ failed to give sufficient weight to the opinion of the treating psychiatrist, M. A. Chowdhry, M.D., who treated plaintiff over years. Plaintiff alleges that the ALJ took certain facts out of context in order to avoid relying on the treating physician's opinion, and gave undue importance to certain data points that were not consistent with the record as a whole. Accordingly, plaintiff asserts that the Acting Commissioner's decision is not supported by substantial evidence as a whole on a sufficiently developed evidentiary record.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

Upon review, the court finds that the ALJ failed to afford adequate weight to the opinion of plaintiff's treating psychiatrist. On August 3, 2012, Dr. Chowdhry found that plaintiff had marked limitations in her ability in some areas, and extreme limitations in other areas, due to her anxiety and depression, and was thus under a disability. (Tr. 567-571)

The ALJ disregarded Dr. Chowdhry's assessment for two stated reasons, first, because he found that Dr. Chowdhry's notes included two instances of "[plaintiff] functioning well." It is true that the record includes these two notes, but the great weight of Dr. Chowdhry's and others' notes shows the opposite, that Morrison was not at all functioning well (see twenty eight instances of physician notes to the contrary cited in defendant's brief, pp. 16-18.)

The second stated reason why the ALJ disregarded Dr. Chowdhry's assessment was because of one Global Assessment of Functioning (GAF) score of 60, dated July 26, 2012. Tr. 21, 576. A GAF score is a clinician's rating of an individual's overall psychological, social and occupational functioning, on a scale of 0 to 100. A rating of 60 indicates moderate symptoms of moderate difficulty in social, occupational or educational functioning. American Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders*, p. 34 (4th ed. Text Revision 2000.) The Commissioner of Social Security has recently found that GAF scores are not a reliable rating, due to "great variability of training and experience levels amongst clinicians. These rating problems...can lead to improper assessment of impairment severity." Social Security Administration, Administrative Message (AM) AM-13066, Global Assessment of Functioning (GAF) Evidence in Disability Adjudication (July 23, 2013.)

2

Even assuming the accuracy of GAF scores generally, the July 26, 2012 score was just one of plaintiff's GAF scores, the great bulk of which were under 60 and support, not contradict, Dr. Chowdhry's assessment.

| Date | TR | GAF |
| --- | --- | --- |
| August 19, 2010 | 480 | 55 |
| September 14, 2010 | 479 | 50 |
| October 13, 2010 | 478 | 55 |
| October 25, 2010 | 522 | 45 |
| November 18, 2010 | 521 | 45 |
| December 9, 2010 | 475 | 55 |
| December 9, 2010 | 519 | 45 |
| December 22, 2010 | 517 | 55 |
| January 7, 2011 | 516 | 45 |
| February 21, 2011 | 514 | 55 |
| March 14, 2011 | 467 | 50 |
| March 22, 2011 | 466 | 55 |
| March 25, 2011 | 462 | 50 |
| May 6, 2011 | 507 | 47 |
| May 6, 2011 | 612 | 45 |
| August 4, 2011 | 608 | 50 |
| August 31, 2011 | 605 | 45-50 |
| September 8, 2011 | 603 | 45-50 |
| September 21, 2011 | 601 | 50 |
| October 20, 2011 | 599 | 48 |
| November 23, 2011 | 597 | 50 |
| January 5, 2012 | 592 | 45 |
| February 1, 2012 | 589 | 50 |
| March 16, 2012 | 585 | 50 |
| May 18, 2012 | 580 | 48 |
| July 26, 2012 | 576 | 60 |

Taken as a whole, the record supports Dr. Chowdhry's limitations and does not support disregarding them. Pates-Fires v. Astrue, 564 F.3d 935 (8th Cir. 2009). If a treating medical expert's opinion is supported by the record, which it is in this case, it must be given controlling weight, i.e. it must be adopted. 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2); Kelley v. Callahan, 133 F.3d 583, 589 (8th Cir. 1998.)

Accordingly, on balance, the ALJ failed to give sufficient weight to the medical opinion of the treating psychiatrist, and his decision is not supported by the record as a whole. This matter shall be reversed and remanded for further consideration of the opinion of the treating psychiatrist and the remainder of the medical record.

It is therefore

ORDERED

Reversed and remanded for further consideration in accordance herewith.

August 4, 2014

/s/ Edward J. McManus
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT